**D. FRANCE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 24, 1959.

Isaac Turner, Hyden, for appellant.

Jo M. Ferguson, Atty. Gen., William L. Brooks, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, D. France, was convicted of voluntary manslaughter for the killing of Harold Gene Brown and sentenced to twenty-one years' imprisonment.

The appellant and two companions had been drinking moonshine whiskey and beer and riding around over the country on Sunday afternoon, September 14, 1958. They came upon the deceased and a larger group of young men, who likewise were indulging in a drinking party, in White Branch Hollow in the Clay County mountains. The conditions were well conducive to clash and conflict. Some of these boys were appropriately caparisoned with artillery, prepared for any eventuality. The appellant had a shotgun and a pistol in his arsenal.

The testimony of numerous witnesses does not present a clear and definite scene of the preceding events and the immediate encounter. But disregarding some variations in detail, there is a clear picture of the appellant and his "buddies" driving up to the other group where a fight was going on between Bill Abner and Luther Allen, both of whom were drunk.

The Commonwealth's evidence is that as the deceased, Brown, drunk and unarmed, approached the appellant, France, also "plumb" drunk, the latter fired his shotgun into Brown's chest, and he presently died. Another version is that Brown, the deceased, was only standing by watching the fight between Abner and Allen; that Brown said to France, who had his shotgun pointed at others in the crowd, "You wouldn't shoot a man, would you?," and France turned the gun on Brown and shot him.

The defendant denied the essential evidence of his guilt. His version is that when he saw Abner and Allen fighting, he said to Abner, "Don't fight the boy, he's drunk," and told them to stop fighting. Further, "I got out of the car and them boys come toward me, and he had his hand in his pocket and said, 'I'll kill you, you G— d— son of a bitch.' Junior handed the gun out the car to me and said, 'Shoot him.'" He further testified that Brown, with an oath, said, "I aim to kill you." As he approached, the defendant shot.

There is no merit in the appellant's contention that he was and is entitled to a new trial because the verdict was flagrantly against the evidence. The jury reasonably concluded that the defendant had killed the man in sudden heat of passion.

The appellant argues that the instruction on murder was erroneous because it omitted the element of malice aforethought. The record does not bear out the basis of the argument. The instruction, which was in the usual form of a combined murder and manslaughter instruction, contained the condition of malice. In any event, since the accused was not convicted of murder, he would be in no position to claim the benefit of such an error, if there were one.

The evidence contains no basis whatever for an instruction upon the right to kill in defense of Luther Allen, the defendant's cousin.

The judgment is affirmed.